708 F.2d 316
 Larry SCHANUEL, Individually and on behalf of all others
similarly situated, Plaintiffs-Appellants,
v.
Joan ANDERSON, in her official capacity as Director of the
Illinois Department of Registration and Education,
Defendant-Appellee.
 No. 82-2651.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 20, 1983.
Decided June 1, 1983.
 
 Jack Ver Steegh, Land of Lincoln Legal Asst. Found., Inc., East St. Louis, Ill., for plaintiffs-appellants.
 Patricia Rosen, Asst. Atty. Gen., Civil Appeals Div., Chicago, Ill., for defendant-appellee.
 Before BAUER, NICHOLS,* and WOOD, Circuit Judges.
 BAUER, Circuit Judge.
 
 
 1
 At issue in this appeal is whether section 10b of the Illinois Detectives and Investigators Act, Ill.Rev.Stat. ch. 111, Sec. 2622(1), deprives ex-felons of their rights to due process and equal protection in contravention of the fourteenth amendment. The district court held that the challenged statute offended neither the due process clause nor the equal protection clause. Schanuel v. Anderson, 546 F.Supp. 519 (S.D.Ill.1982). We affirm.
 
 
 2
 * The Illinois Detectives and Investigators Act, Ill.Rev.Stat. ch. 111, Sec. 2601 et seq., requires all private detectives and detective agencies to secure a certificate of registration or authority from the Illinois Department of Registration and Education. Under the statutory scheme, the Department administers written examinations for registration of detectives, promulgates and enforces rules and regulations, and conducts hearings on suspension, revocation, or renewal of certificates of authority and certificates of registration. Among the provisions enforced by the Department is section 2622 which sets forth the qualifications for unlicensed employees of a detective agency holding a certificate of authority.
 
 
 3
 The representative plaintiff in this case, Larry Schanuel, applied for employment with the Allied National Detective Agency of Belleville, Illinois, in July of 1978. Schanuel was denied employment because of his criminal record;[1] section 2622(1) prohibits the holder of a certificate of authority from employing any individual who has been convicted of a felony or crime of moral turpitude unless ten years have passed "from the time of discharge from any sentence imposed therefor." Ill.Rev.Stat. ch. 111, Sec. 2622(1).
 
 
 4
 Schanuel then brought this action on behalf of himself and others similarly situated. He alleged that section 2622(1) violates the due process and equal protection clauses of the fourteenth amendment. On this basis, Schanuel sought a declaratory judgment that the statute is unconstitutional on its face and an injunction against its enforcement.
 
 
 5
 On cross-motions for summary judgment, the district court upheld the constitutionality of section 2622(1). This appeal followed; we have jurisdiction under 28 U.S.C. Sec. 1291.
 
 II
 THE DUE PROCESS CLAUSE
 
 6
 Schanuel raises three separate arguments in support of his contention that section 2622(1) violates the due process clause. First, he argues that section 2622(1) impermissibly creates an irrebuttable presumption that ex-offenders are unfit for employment as security guards. Second, he argues that there is no rational relationship between the proscription against ex-offenders and the qualifications for a security guard job. Last, Schanuel contends that the statute denies an applicant the right to a meaningful hearing. We reject each of these arguments.
 
 A. The Irrebuttable Presumption Doctrine
 
 7
 Schanuel relies on Cleveland Board of Education v. LaFleur, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974), for the general proposition that due process is offended by any conclusive statutory presumption that is neither a necessary presumption nor a universal truth. Br. of Appellant at 16. In LaFleur the Supreme Court held that rules requiring pregnant teachers to take leave after their fifth month of pregnancy were unconstitutional. The Court based its decision on the fact that family planning decisions are protected by the fourteenth amendment; the lack of any rational relationship between the pregnancy-leave rule and any state goal; and the availability of individualized determinations.
 
 
 8
 The "irrebuttable presumption doctrine" of LaFleur flowered briefly, with courts requiring the government to make individualized determinations on matters affecting a wide range of interests. In 1976, however, the Supreme Court declined to apply the doctrine, and instead upheld a mandatory retirement rule. Massachusetts Bd. of Ret. v. Murgia, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976); see also Vance v. Bradley, 440 U.S. 93, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979). Since that time the continuing validity of the doctrine has been questioned repeatedly; this court refused to apply it as early as the 1979 case of Trafelet v. Thompson, 594 F.2d 623 (7 Cir.1979) (upholding mandatory retirement of state court judges).
 
 
 9
 As noted by this court in Cozart v. Winfield, "[a]pplication of the doctrine would 'represent a degree of judicial involvement in the legislative function which we have eschewed except in the most unusual circumstances.' " 687 F.2d 1058, 1061-62 (7th Cir.1982) quoting Weinberger v. Salfi, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). We do not find it significant that Cozart was a social welfare eligibility case rather than an employment case. The irrebuttable presumption doctrine has been discredited because it is unworkable regardless of the interest which might have invoked it. We decline to revive the doctrine in this case and accordingly reject Schanuel's first due process argument.
 
 B. The Rational Relationship Test
 
 10
 Schanuel next argues that there is no rational relationship between the state interest in the qualifications of detective agency employees and the proscription of section 2622(1). We find this argument patently without merit.
 
 
 11
 Schanuel correctly notes that professional qualifying tests and qualifications standards must bear a rational relationship to the skills necessary for the job. Thompson v. Schmidt, 601 F.2d 305 (7th Cir.1979). In truth, however, the limits imposed by due process are broad ones, and only classifications that are "patently arbitrary and totally lacking in rational justification," Rasulis v. Weinberger, 502 F.2d 1006, 1010 (7th Cir.1974), are prohibited.
 
 
 12
 We cannot say that the legislative judgment embodied in section 2622(1) is an unreasonable one. Detective agency employees perform the potentially sensitive tasks of guarding persons and property. It is not unreasonable to suppose that the public trust might be undermined by assigning such tasks to ex-offenders. Accordingly, we reject Schanuel's second due process argument.
 
 C. The Right to a Hearing
 
 13
 Schanuel contends that any citizen deprived of an opportunity to engage in the "common occupations" of life, regardless of the reason, is entitled to a hearing on his or her qualifications. This contention, however, misapprehends the law. Schanuel's argument presupposes that he is entitled to an individualized determination of his fitness for employment by the holder of a certificate of authority. Our disposition of Schanuel's other due process arguments belies the contention that such an individualized determination is required. Thus, the inescapable conclusion is that the failure to provide such a hearing does not offend the due process clause. See also Schanuel v. Anderson, 546 F.Supp. 519 (S.D.Ill.1982).
 
 III
 THE EQUAL PROTECTION CLAUSE
 
 14
 In addition to the due process arguments rejected above, Schanuel challenges section 2622(1) on equal protection grounds. Schanuel argues first that the statute irrationally bars ex-offenders from employment, and second that the statutory scheme irrationally distinguishes among classes of ex-offenders. These arguments are also without merit.
 
 
 15
 A. The Statute Does Not Create an Irrational Bar to Employment
 
 
 16
 Schanuel contends that section 2622(1) is irrational because its "across-the-board exclusion" of ex-offenders "sweeps too broadly by barring those applicants whose past criminal offense is not related to the responsibilities of security guard." Br. of Appellant at 9. Schanuel relies on Butts v. Nichols, 381 F.Supp. 573 (S.D.Iowa 1974) and Smith v. Fussenich, 440 F.Supp. 1077 (D.Conn.1977). Both of these cases involved statutes factually distinguishable from section 2622(1).
 
 
 17
 The Butts case involved a challenge to an across the board ban of civil service employment to ex-felons. By contrast, section 2622(1) bars employment of ex-offenders only in the potentially sensitive field of detective work. The statute challenged in Smith, like section 2622(1), made ex-felons ineligible for employment with private detective and security guard agencies. Unlike section 2622(1), however, the statute struck down in Smith created a permanent bar to employment.
 
 
 18
 The statutes challenged in Smith and Butts were both ruled to be critically defective because of overbreadth. As an initial matter we note that section 2622(1) is more closely tailored to the state's legitimate interest in a competent and reliable workforce in the sensitive area of detective work.[2] Furthermore, the equal protection clause does not require "perfect logical consistency," United States v. Neary, 552 F.2d 1184, 1189 (7th Cir.1977), and the legislature has broad latitude, particularly where matters of social and moral welfare are involved, United States v. Weatherford, 471 F.2d 47, 51 (7th Cir.1971). Thus, under the rational basis test we are unable to conclude that section 2622(1) is so overbroad as to violate the equal protection clause.[3]
 
 
 19
 B. The Statutory Scheme Does Not Distinguish Irrationally Between Classes of Ex-Offenders
 
 
 20
 Relying on Miller v. Carter, 547 F.2d 1314 (7th Cir.1977), aff'd by an equally divided court, 434 U.S. 356, 98 S.Ct. 786, 54 L.Ed.2d 603 (1978), Schanuel argues that the Illinois Detectives and Investigators Act irrationally distinguishes between classes of ex-felons. Miller sustained an equal protection challenge to a Chicago ordinance that barred persons convicted of weapons crimes from obtaining taxi licenses, while allowing retention of such a license by a person who already was licensed at the time he or she committed such a crime.
 
 
 21
 No such irrational distinction exists under the Illinois Detectives and Investigators Act. It is true that the Illinois Unified Corrections Code, Ill.Rev.Stat. ch. 38, Sec. 1005-5-5(d) provides for restoration of all state license rights to any citizen upon completion of a sentence of imprisonment. This right to license restoration, however, will never be implicated under section 2622(1), because that section does not confer a license in the first instance. Thus, section 2622(1) stands alone, and on its face the provision applies to everyone who commits a felony or crime of moral turpitude, whether or not such a person has been previously engaged as a non-licensed employee of a detective or security guard agency. Miller is inapposite, and Schanuel's argument based thereon must fail.
 
 IV
 
 22
 We have examined each of Schanuel's challenges to the constitutionality of section 2622(1) and find them to be without merit. Accordingly, the judgment of the district court is
 
 
 23
 AFFIRMED.
 
 
 
 *
 The Honorable Philip Nichols, Judge of the United States Circuit Court of Appeals for the Federal Circuit, is sitting by designation
 
 
 [1]
 Schanuel's criminal record included a plea of guilty to Second Degree Robbery in California on April 18, 1963, and a plea of guilty to a federal charge of Transferring Government Obligations on July 25, 1967. The parole periods for these offenses expired in September of 1972. Schanuel v. Anderson, 546 F.Supp. 519, 521 (S.D.Ill.1982)
 
 
 [2]
 As correctly noted by the district court, this case does not involve either a discrete and insular minority or a fundamental right. Schanuel v. Anderson, 546 F.Supp. 519, 524 (S.D.Ill.1982). This, the standard against which section 2622(1) must be tested is "whether the [statutory scheme] rationally furthers a legitimate state purpose or interest." San Antonio School District v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973)
 
 
 [3]
 Moreover, we are not convinced that the statutory presumption is an irrational one. Section 2622(1) disqualifies ex-offenders from detective and security guard work for a period of 10 years following discharge from sentence. At the end of the 10 years, the ex-offender is presumptively rehabilitated. The 10 year period does not appear unreasonable. Cf. Fed.R.Evid. 609(b) (allowing impeachment of a witness by evidence that the witness has been convicted of a crime provided that not more than 10 years have elapsed since the date of conviction or discharge from confinement imposed for that conviction)