STATE OF NEVADA, PRIVATE INVESTIGATOR'S LICENSING BOARD; BRIAN McKAY, ATTORNEY GENERAL, AS CHAIRMAN OF PRIVATE INVESTIGATOR'S LICENSING BOARD; ROBERT RODEFER, INVESTIGATOR FOR THE ATTORNEY GENERAL'S OFFICE, AND THE PRIVATE INVESTIGATOR'S LICENSING BOARD, APPELLANTS, v. DAVID TAKETA AND THOMAS O'BRIEN, RESPONDENTS.

No. 19176

January 31, 1989                    767 P.2d 875

*Brian McKay,* Attorney General, *Robert A. Kirkman,* Deputy Attorney General, *Scott Doyle,* Deputy Attorney General, Carson City, for Appellants.

*Goodman, Stein & Chesnoff* and *Eckley M. Keach,* Las Vegas, for Respondents.

---

*Rex Bell,* District Attorney, *Mary-Anne Miller,* Deputy District Attorney, Clark County, for Amicus Curiae.

## OPINION

*Per Curiam:*

Appellant, State of Nevada, Private Investigator's Licensing Board, appeals the district court's orders ruling that NRS 648.1405(4) is unconstitutional and granting permanent injunctive relief from enforcement of that statute against respondents David Taketa and Thomas O'Brien. We hold that NRS 648.1405(4) does not offend the guarantees of the Constitution of this state or the United States, and accordingly, we reverse the judgment of the district court.

Taketa and O'Brien were both convicted in federal court on felony charges of interception of wire communications and conspiracy. These convictions stemmed from Taketa's and O'Brien's criminal misconduct in the course of their employment as government law enforcement agents. At the time that their convictions were entered, Taketa and O'Brien were employed as private investigators by Griffin Investigations, Inc., a corporation licensed by appellant State of Nevada, Private Investigator's Board.

NRS Chapter 648 governs the licensing of private investigators, private patrolpersons and related occupations. The contested statute, NRS 648.1405(4), states that: "A person licensed pursuant to this chapter may employ only another licensee or a non-licensed person who . . . 4. Has not been convicted of a felony or a crime involving moral turpitude or the illegal use or possession

of a dangerous weapon." After Taketa and O'Brien were convicted on felony counts, they became ineligible for employment by Griffin Investigations, Inc. pursuant to NRS 648.1405(4), and consequently challenged the constitutionality of the statute.

The trial court ruled that NRS 648.1405(4) is unconstitutional under the equal protection clause because there is no rational relationship "between the commission of a particular felony and the inability of an individual to perform adequately in an employment capacity with a State licensed private investigative agency." Accordingly, the trial court found the statute to be overbroad. We disagree with the trial court's analysis and conclusion.

The constitutionality of a statute regulating occupational licensing is properly determined under a rational basis test. Schware v. Bd. of Examiners, 353 U.S. 232, 239 (1957). Under the rational basis test, a statutory classification must be upheld if it rationally furthers a legitimate state purpose or interest. It need not reflect perfect logical consistency. See Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307 (1976).

The State has a legitimate interest in maintaining the integrity of private investigation work. Such investigations, if improperly conducted, run the risk of invading upon other citizens' constitutionally protected rights. The public trust may well be undermined by assigning security and investigative tasks to ex-felons. See Schanuel v. Anderson, 708 F.2d 316, 319 (7th Cir. 1983). We find this to be especially true where, as in the cases of Taketa and O'Brien, the felony conviction stems from misconduct associated with the duties related to activities that a private investigator might be expected to engage in. We hold that the trial judge erred in finding that there is no rational relationship between the statute's prohibition against entrusting to ex-felons duties the execution of which requires the utmost respect for the law and the State's legitimate interest in maintaining the integrity and lawfulness of private investigations.

The trial judge also erred by applying an overbreadth analysis to find the statute unconstitutional. An overbreadth analysis is not applicable to a statute such as the one at issue, which pertains to social welfare and which does not disrupt first amendment rights. See Dandridge v. Williams, 397 U.S. 471 (1970).

> In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some "reasonable basis," it does not offend the

Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality."

*Id.* at 485 (citations omitted).

Because the provisions of NRS 648.1405(4) are rationally related to the State's legitimate interest in assuring that private investigations are conducted in a lawful manner, we hold that the trial judge erred in ruling the statute to be unconstitutional. Accordingly, we rule in favor of the licensing board, and we reverse the lower court's judgment declaring NRS 648.1405(4) unconstitutional, restraining the licensing board from seeking the termination of Taketa and O'Brien from employment with Griffin Investigations, Inc., and restraining the private licensing board from forcing Griffin Investigations, Inc. to terminate Taketa and O'Brien's employment.